H. TIM HOFFMAN (SBN 049141)
ARTHUR W. LAZEAR (SBN 083603)
ROSS L. LIBENSON (SBN 181912)
**HOFFMAN & LAZEAR**
180 Grand Avenue Suite #1550
Oakland, CA 94612
Telephone:   (510) 768-5700
Facsimile:   (510) 835-1311

MARK R. THIERMAN, (SBN 72913)
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HERRERA on behalf of himself, all others similarly situated, and the general public<br><br>Plaintiffs,<br><br>v.<br><br>RWD TECHNOLOGIES, LLC, a Delaware Limited Liability Company, POPULUS GROUP, LLC, a Michigan Limited Liability Company, and DOES 1 -50,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR UNPAID OVERTIME** |

Comes now Plaintiff JOSEPH HERRERA on behalf of himself and all others similarly situated and alleges:

1.

## JURISDICTION/VENUE

1. This Court has nationwide original jurisdiction over the federal overtime wage claims herein pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. 216(b), which states "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves *and other employees similarly situated.*" (emphasis added.)

2. Jurisdiction is also proper under the Class Action Fairness Act, 29 U.S.C. 1331(d), because this is a class action with more than five million dollars in controversy and there is complete diversity of citizenship between the parties hereto.

3. Venue is proper in this court because at least one of the Defendants transacts business and purposefully avails itself of the benefits of being in this judicial district, and the acts giving rise to the incidents herein arose within this judicial district, including the payment of wages without overtime compensation here.

## PARTIES

4. Plaintiff Joseph Herrera is a natural person and citizen of the United States and resident of the State of Colorado who, within the last three years, was employed as an hourly paid employee by defendants herein separately and as to Defendant RWD Technologies, jointly with Defendant Populus Group.

5. Upon information and belief, Defendant Populus Group, LLC, is a Michigan Limited Liability Company with its principal place of business in Southfield, Michigan. At all times

2.

Class Action Complaint for Unpaid Overtime

relevant herein, Defendant Populus Group recruited employees in the state of California and was lawfully registered to do business within this state.

6. Upon information and belief, Defendant RWD Technologies, LLC is a Delaware Limited Liability Company with its principle place of business in Maryland and was lawfully registered to do business within this state.

7. Defendants RWD Technologies and Populus Group are and at all times relevant herein were employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. 201 *et. seq.*, and a joint employer with each other of Plaintiff Joseph Herrera.

8. The identity of Does 1-50 is unknown at this time, and the complaint will be amended at such time when the identities are known to the parties.

## INTRODUCTION

9. This is a class and collective action brought on behalf of all persons who worked as hourly employees for the defendants and who were paid "comp time" or compensating time off at their regular rate or less, instead of overtime compensation at one and one-half times their regular rate of pay for hours worked in excess of 40 hours per week. Plaintiff was not an employee of any public agency during the times relevant herein.

10. Defendant Populus Group is a temporary employment agency, also known as an employee leasing agency, that pays all its employees on an hourly basis, but did not pay overtime compensation as required by law and did not pay for all hours worked.

11. Defendant RWD Technologies is engaged in the business of providing customer support, training and execution of technical solutions to business problems, and retains hourly paid

3.

employees from Populus and other sources to perform these services under its complete direction and control.

12. Both Defendants have a policy of not paying overtime to hourly paid workers who work in excess of 40 hours a week.

13. Instead of paying one and one-half times the regular rate for all hours worked in excess of 40 per week, the Defendants, and each of them, use a system of compensating time off, or "comp time" where overtime premium pay is not paid in the workweek in which is was worked, but is accumulated at the regular rate (not time and one-half) and subject to forfeitures. This comp time system is unlawful under the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 207, *et. seq.*

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all the allegations contained above as if fully set forth herein.

15. Within the last six months, Plaintiff was retained by Defendant Populus to perform work, among other places, in Bakersfield, California under the direction and control of Defendant RWD Technologies.

16. During the course of performing that work, Plaintiff worked in excess of 40 hours per week.

17. Plaintiff requested overtime premium compensation at one and one-half his regular rate of pay and was told by both Populus and RWD Technologies that he would not receive any overtime compensation but instead would receive comp time at his regular rate (not one and one-half his regular rate) for all hours worked in excess of 40 hours. He was further showed a policy

4.

memo from RWD Technologies that all comp time had to be used before the end of the calendar year or it was to be forfeited. The calendar year ended, and the comp time was lost. Despite numerous complaints, the Defendants and each of them refuse to change this policy for any and all their hourly paid employees.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of a nationwide class consisting of all persons employed within three years of the filing of this complaint by the Defendants as hourly employees who were not paid overtime wages at the rate of one and one-half their regular rate but who were paid comp time or some other variation of compensatory time off in lieu of overtime premium compensation. Plaintiff reserves the right to amend this complaint to add subclasses as representatives become available from other states.

19. Plaintiff is a member of the class he seeks to represent. Specifically, Plaintiff was employed by each Defendant as an hourly employee under a wage agreement that paid him hourly but did not include the payment of overtime pay.

20. Plaintiff is informed and believes, and on that basis alleges, the class consists of over 100 employees employed throughout the United States under some variant of a comp time system. The named Plaintiff's claims are typical of the class claims because each class member was harmed by the common practices of the Defendant in failing to pay overtime correctly.

21. The named Plaintiff will fully and adequately represent the interests of the class. The named Plaintiff has retained counsel that is familiar with employment and class action wage hour law. The named Plaintiff has no interests that are contrary to or in conflict with those of the class. The number of members in the class is believed to more than one hundred, which makes it

5.

impossible to bring all these individuals before the Court. The identities of all class members are readily available, as are the hours they worked and the pay rates of each class member.

22. A class action is superior to other available means for the efficient adjudication of this lawsuit. Individual litigation could be prohibitively expensive against large business entities like the Defendants and would be unduly burdensome to the justice system. Concentrating this litigation in one forum will promote judicial consistency and economy. Notice of this action can be provided to class members since their identities and last known addresses are contained within Defendants' records and files.

23. This type of action is especially well-suited for class action treatment because the burden is on the employer to prove any exemption and because the employers' practices were reduced to writing and were uniform.

24. Because the acts complained of herein were willful, the statute of limitations under the Fair Labor Standards Act is three years from the filing of this complaint.

25. Issues of law and fact are common and they predominate over any individual questions, specifically: 1) whether Defendants' comp time system of paying overtime compensation was in violation of the Fair Labor Standards Act; 2) whether defendants failed to pay Plaintiff and class members all the overtime compensation due them by virtue of their comp time system; and 3) whether Plaintiff and class members were expected to and/or mandated to regularly work overtime.

### FIRST CAUSE OF ACTION

**Violations of the Fair Labor Standards Act:  Overtime Pay**

26. Plaintiff hereby re-alleges and incorporate by reference all paragraphs above as though fully set forth herein.

6.

27. Plaintiff brings this First Cause of Action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated persons, if any, who consent in writing to join this action.

28. Section 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. 207(a)(1) states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29. Section 7(e) of the Fair Labor Standards Act, 29 U.S.C. 207(e) states that "the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee" with certain exceptions not relevant herein.

30. 29 CFR 778.110(a) states, in part, that "If the employee is employed solely on the basis of a single hourly rate, the hourly rate is his 'regular rate.' For his overtime work he must be paid, in addition to his straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week."

31. Pursuant to 29 U.S.C. §207(o), only employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off and shall receive that compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.  Defendants are not public agencies of any State or political subdivision thereof.

32. By failing to pay one and one-half the "regular rate" as overtime compensation for all hours worked in excess of 40 in a work week, the Defendants, and each of them, have violated the provisions of the Fair Labor Standards Act, in particular 29 U.S.C. 207.

7.

33. This action is brought on behalf of and includes persons so employed by Defendant throughout the United States who now seek to recover overtime wages and obtain restitution for Defendant's failure to pay all monies due them weekly.

34. Because they were paid an hourly rate, Plaintiff and members of the Plaintiff class were not paid on a salaried or fee basis and therefore, among other reasons, do not qualify for any of the "white collar" exemptions to the federal overtime pay requirements.

35. Nor were Plaintiff and members of the Plaintiff class primarily employed in the duties necessary to qualify for any of the so-called "white collar" exemptions to overtime premium compensation.

36. As a result of the foregoing, Plaintiff seeks judgment against the Defendants on behalf of himself and on behalf of those similarly situated who file written consents to join in this action, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the Defendants to the Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. § 206 and 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorneys fees, as provided for under 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION: Overtime Wages

(California Labor Code Section 1194)

37. Plaintiff hereby incorporates each and every allegation contained in this Complaint above and realleges said allegations as though fully set forth herein.

38. At all relevant times, the named plaintiff and the plaintiff class members were required

8.

to work in excess of eight hours during the workday and in excess of 40 hours during the workweek and/or worked more than six consecutive days in a workweek.

39. During all relevant times the Wage Order No. 4 of the California Industrial Welfare Commission provided that "...nonexempt employees must be paid an overtime premium for all hours worked in excess of eight during the workday and in excess of 40 during the workweek, as well as for work performed on the seventh workday in a work week...."

40. Although the named plaintiff and the plaintiff class members worked overtime as that term was defined in the relevant wage orders, Defendants failed and refused to pay the legally required state overtime premiums.

41. Therefore, named plaintiff, on his own behalf and on behalf of all plaintiff class members, demands overtime compensation as provided under California law.

## THIRD CAUSE OF ACTION: UNLAWFUL BUSINESS PRACTICES - OVERTIME AND UNPAID WAGES

(California Labor Business and Professions Code §§17200, *et. seq.*)

42. Plaintiff hereby incorporates each and every allegation contained in this Complaint and re-alleges said allegations as though fully set forth herein.

43. Throughout the above-described period Defendants repeatedly misrepresented to the members of the plaintiff class and the general public that the plaintiff class members were employees exempt from the overtime laws of the State of California. The Defendant also failed to require or have the class members take specified paid and/or unpaid meal and rest breaks as required by California law and did not pay the class members an hour of additional wages per day for such un-received break time, as required by California law.

9.

44. The misrepresentations and omissions by the Defendants gave Defendants a competitive advantage over other employers who legitimately paid their workers the proper overtime wages and other wages required by California law and who also gave the employees the meal and rest breaks required by California law or the additional wages required by California law in lieu thereof.

45. Defendants' conduct described in this Complaint constitutes an unlawful business practice in violation of the provisions of Business and Professions Code §§17200, et seq.

46. Therefore, Plaintiff prays for restitution and injunctive relief for herself and all class members for all wages due and an order pursuant to Business & Professions Code Section 17203 to cease from failing to pay overtime wages to workers employed or who render services to Defendants within California.

**FOURTH CAUSE OF ACTION: STATUTORY INTEREST ON UNPAID WAGES**

(Labor Code Section 218.6)

47. Plaintiff hereby incorporates each and every allegation contained in this Complaint above and re-alleges said allegations as though fully set forth herein.

48. California Labor Code Section 218.6 states: In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

49. Subdivision (b) of Section 3289 of the California Civil Code states: "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."

50. Therefore, Plaintiff, on his own behalf and on behalf of all class members, demands

10.

interest on the amount of wages due weekly at the rate of 10% per annum as required by law.

### FIFTH CAUSE OF ACTION: WAITING PENALTIES

(California Labor Code Section 203)

51. Plaintiff hereby incorporates each and every allegation contained in this Complaint above and re-alleges said allegations as though fully set forth herein.

52. California Labor Code Section 203 states "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

53. The named plaintiff and the majority of class members terminated employment more than 30 days prior to the filing of this lawsuit.

54. Therefore, Plaintiff, on her own behalf and on behalf of all class members, demands waiting penalties according to law.

### SIXTH CAUSE OF ACTION: WAGES FOR WORKED BREAK TIME

(California Labor Code Section 226.7)

55. Plaintiff hereby incorporates each and every allegation contained in this Complaint above and re-alleges said allegations as though fully set forth herein.

56. Pursuant to California Labor Code Section 226.7, and the wage orders issued pursuant to said statute, the plaintiff and the class members were entitled to paid 10-minute breaks for every four hours of daily employment and an unpaid meal break of 30 minutes after five hours of daily

11.

employment.

57. Although the plaintiff and the class members regularly worked for amounts of time each day that would entitle them to the paid and unpaid rest and meal breaks provided for under California Labor Code Section 226.7 they often did not receive such daily rest and meal breaks, and they did not receive one hour of additional pay on the days they did not receive such breaks.

58. Therefore, Plaintiff demands the payment of an additional one hour of pay for each day that he and each class member were not provided with the breaks required by California law.

**PRAYER FOR RELIEF**

Plaintiff, individually and on behalf of all others similarly situated, pray for relief as follows:

a. An Order declaring that the practices complained of herein are illegal;

b. An Order enjoining defendants to correct the illegal practices complained of herein;

c. An Order directing that the Defendants compensate Plaintiff and members of the class according to law for overtime hours worked;

d. An Order for an award of monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the Defendants to the Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. § 206 and 207, together with an additional award in an equal amount as liquidated damages, costs, interest, and attorneys fees, as provided for under 29 U.S.C. §216(b).

e. An Order directing that the Defendants pay prejudgment interest, reasonable attorneys' fees and costs;

f. Premium pay for overtime hours worked according to the Wage Orders of the Industrial Welfare Commission applicable at the time work was performed;

g. One hour of additional wages for each day that they worked and were not provided with the breaks required by California law;

h. Interest at the legal rate of 10% per annum, from each week payment of wages were due for each and every class member;

i. Waiting penalties as provided for under Labor Code Section 203;

j. Attorneys' fees and costs as required by Labor Code Section 1194;

k. Equitable and injunctive relief including restitution; and

l. Further Orders directing such relief as this court may deem just and proper.

Dated this 6th day of February 2009

HOFFMAN & LAZEAR

By: _____
ROSS L. LIBENSON
Attorneys for Plaintiff
JOSEPH HERRERA

13.

Class Action Complaint for Unpaid Overtime